JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Hazim Abuzahrieh appeals from his conviction following a jury verdict finding him guilty of misdemeanor assault. For the reasons that follow, we reverse and remand
 {¶ 2} The State indicted defendant and his brother, co-defendant Ihab Abuzahrieh, on one count of felonious assault arising from an altercation in a restaurant lounge. The matter proceeded to a joint trial in January 2003. On the second day of jury voir dire, the court announced its intention to conduct the voir dire and prohibited any further questioning of the jurors by counsel. Defendant testified on his own behalf. While the co-defendant did not testify, the court permitted the State to introduce the co-defendant's alleged statements through the testimony of the investigating officer. At the conclusion of trial, the jury found defendant guilty of the lesser-included offense of assault and the court entered judgment and sentenced defendant accordingly.
 {¶ 3} Defendant commenced this appeal, which is pending simultaneously with the co-defendant's appeal that presents a common assignment of error, as follows:
 {¶ 4} "II. The trial court erred in terminating trial counsel's participation in voir dire."
 {¶ 5} We have fully addressed this error in State v. Abuzahrieh,
Cuyahoga App. No. 82689, 2003-Ohio-___, wherein it was sustained. Accordingly, we incorporate the reasoning set forth therein as if fully rewritten here and sustain defendant's second assignment of error.
 {¶ 6} Appellant's first assignment of error is overruled as moot. See App.R. 12(A)(1)(c).
 {¶ 7} The judgment of conviction is reversed and the matter is remanded for a new trial on the authority of Abuzahrieh, supra.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Timothy E. McMonagle, J., and Sean C. Gallagher, J., concur.